NO. 07-09-0339-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 JULY 28, 2011

 RUFUS SITO NANEZ, III,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 ___________________________

 FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

 NO. 4077; HONORABLE RON ENNS, PRESIDING

 Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 What we have before us is an appeal attacking trial counsel's
performance. Appellant, Rufus Sito Nanez, III, was convicted on two counts
of aggravated sexual assault. He and his appellate attorney attempt to
sway us to believe that trial counsel provided Nanez ineffective assistance
in eighteen different ways. Whether either appellant or his attorney read
this court's opinion in Beck v. State, 976 S.W.2d 265, 268 (Tex. App.-
Amarillo 1998, pet. ref'd) (especially the last paragraph) is unknown but
we respectfully suggest that they do. And, we affirm the judgment for the
following reasons.
 First, of the eighteen complaints, none were supported by legal
authority. That is, neither appellant nor his appellate attorney provided
us with statutory or case citation purporting, in any way, to illustrate
that the particular conduct of which they complained was unreasonable or
deficient. Omitting such authority alone permits us to deem the issues
inadequately briefed and, therefore, waived. Delijevic v. State, 323
S.W.3d 606, 609 (Tex. App.-Amarillo 2010, no pet.) (holding that the
failure to support argument with applicable authority equates to inadequate
briefing and constitutes a waiver of the issue).
 Second, no evidence appears of record purporting to illustrate the
reasons or motivations, if any, underlying trial counsel's decisions or
actions. This is problematic because we are to presume that counsel based
those decisions and actions on sound trial strategy. Mata v. State, 226
S.W.3d 425, 431 (Tex. Crim. App. 2007). Furthermore, that presumption
cannot generally be overcome absent evidence of those reasons and motives
appearing in the record. Ex parte Niswanger, 335 S.W.3d 611, 615 (Tex.
Crim. App. 2011). And, none of the examples of allegedly deficient conduct
cited by appellant and his appellate attorney compare to those rare
instances of misconduct for which there can be no legitimate strategy.
Indeed, attacking trial counsel because he "fail[ed] to address
venirepersons by name" falls short of such unjustifiable misconduct.
 Third, proving ineffective assistance requires more than simply
showing some mistake or default. The complainant must also establish that
the default was prejudicial.
Cannon v. State, 252 S.W.3d 342, 348-49 (Tex. Crim. App. 2008). Moreover,
fulfilling that burden requires more than simply surmising that the result
may have differed if X had happened. Rather, it is a true burden mandating
explanation and development, and omitting to do so is fatal to the
complaint. See Howard v. State, 239 S.W.3d 359, 368 (Tex. App.-San Antonio
2007, pet. ref'd); Callahan v. State, 24 S.W.3d 483, 486 (Tex. App.-Houston
[1st Dist.] 2000, pet. ref'd). Appellant and his counsel so failed here.
 Counsel is not ineffective simply because he did not do that which
his accuser thought he should have done. Nor is he legally deficient
simply because some attorney who enjoys the benefit of hindsight and cool
reflection would have taken a different tact. Indeed, appellate counsel
should not only recognize what is required by law but also use caution when
calling someone ineffective. Those before us today should heed that
admonishment when next they think about invoking the theory. Unfounded and
undeveloped accusations like those uttered at bar needlessly belittle their
human target and do little to serve a client's interests. It "ain't" a
game folks; it's real lives we are dealing with.
 We overrule each issue and affirm the judgment.

 Brian Quinn
 Chief Justice

Publish.